**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| BETHZAIDA CINTRON CRUZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:24-cv-03993-JMG |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                              **July 16, 2025**

Plaintiff Bethzaida Cintron Cruz seeks judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Plaintiff asserts that the Administrative Law Judge ("ALJ") failed to properly evaluate the opinion evidence and all of Ms. Cruz's mental limitations in denying her claim for Supplemental Security Income ("SSI") benefits. Plaintiff overarchingly contends that the ALJ's determination is, therefore, not supported by substantial evidence as required under 42 U.S.C. 1383(c). However, after a review of the record and in consideration of the applicable legal standard, this Court finds that substantial evidence supported the ALJ's findings in this case.

For the following reason, this Court affirms the ALJ's decision that Plaintiff is not disabled for the purposes of receiving SSI benefits. Plaintiff's Request for Review is denied.

**I.      FACTUAL BACKGROUND**

In 2015, Plaintiff was diagnosed with bilateral carpal tunnel syndrome. Administrative Transcript ("Tr."), ECF No. 8, at 463. In April 2021, Plaintiff underwent right carpal tunnel release surgery and completed physical therapy for her right hand. Tr. at 463. While Plaintiff's experience with carpal tunnel syndrome appears to be the primary medical issue she alleges, Plaintiff also was prescribed medications and received treatment for depression and related symptoms at an outpatient community counseling center starting in 2019. Tr. at 367-95, 867-80, 1074-84. On July 30, 2021, Plaintiff filed an application to receive SSI benefits under Title XVI of the Social Security Act ("Act"). Pl.'s Br. Statement Issues Supp. Req. Review ("ECF No. 9"). Plaintiff was forty-seven years old at the time of filing the application. *Id.* at 3. In her application, Plaintiff alleged that she has experienced disability since April 30, 2021, due to carpal tunnel syndrome as well as low vision, anxiety, depression, high blood pressure, hearing loss, obesity, and sleep apnea. Tr. at 260, 294, 463.

On December 1, 2021, Plaintiff visited Dr. David B. Klebanoff for a consultative examination at the request of the disability determination services. Tr. at 463. During the examination, Dr. Klebanoff noted that Plaintiff had a diminished grip and diminished dexterity in her right hand. *Id*. at 467. Dr. Klebanoff opined that Plaintiff should never lift or carry more than twenty pounds or operate a motor vehicle, may occasionally reach overhead with her left or right arm, and could sit for eight hours and stand or walk for two hours of an eight-hour workday. *Id*. at 468-73. In addition, on December 8, 2021, and June 6, 2022, State agency medical consultants Drs. Marie T. Breslin and Crescenzo Guilio Calise issued non-examination State agency medical consultation reports in connection with Plaintiff's disability claim. Tr. at 97-99, 108-111. These

2

reports contained similar findings to Dr. Klebanoff's report, with the exception of the opinion that Plaintiff was limited in her ability to reach overhead. *Compare* Tr. at 97-99, *and* Tr. at 108-11, *with* Tr. at 468-73.

Plaintiff's disability claim was denied at the initial level on December 9, 2021, then at the reconsideration level on June 14, 2022. Tr. at 101, 102. After a telephonic hearing took place on May 25, 2023, ALJ Howard Wishnoff denied the claim again on September 27, 2023. Tr. at 14-35. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some limitations, including not climbing ladders, ropes, or scaffolds; not working at unprotected heights or with moving mechanical parts; and performing simple, routine, and repetitive tasks. Tr. at 27. The ALJ found that while Plaintiff is unable to perform any of her past relevant work, there are several jobs that exist in the national economy that Plaintiff is still able to perform, including addresser, table worker, and food and beverage order clerk. Tr. at 33-35. Explaining his decision further, the ALJ found Dr. Klebanoff's report to be "somewhat persuasive," although it overstated Plaintiff's right-hand limitations. Tr. at 33. Similarly, the ALJ found Drs. Breslin and Calise's reports to be "somewhat persuasive," although they also overstated Plaintiff's right-hand limitations and failed to address the severity of Plaintiff's left-hand limitations. Tr. at 32-33.

On June 26, 2024, the Appeals Council denied review. Tr. at 1. Plaintiff then brought suit in this Court seeking review of the agency's final decision, contending the ALJ's determination is unsupported by substantial evidence as they failed to properly evaluate the opinion evidence and account for all of Ms. Cruz's mental limitations. ECF No. 9 at 2.

## II.    LEGAL STANDARDS

The district court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff has exhausted all administrative remedies and as a result, this matter is properly before this Court for review. § 405(g) informs this Court, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides… [T]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

> 42 U.S.C. § 405(g).

The court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d. 356, 359 (3d Cir. 2011). Instead, our review of the Commissioner's final decision is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003); *see* 42 U.S.C. § 405(g). Substantial evidence is not a considerably large amount of evidence, but rather "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence but may be less than a preponderance." *Newell*, 347 F.3d at 545.

The question before this Court is whether the Commissioner's finding that Plaintiff was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary).

## III.    DISCUSSION

### A.    The ALJ appropriately evaluated the medical opinion evidence.

Plaintiff contends that the ALJ's determination is not supported by substantial evidence because the ALJ failed to properly articulate the supportability factor for evaluating opinion evidence. ECF No. 9 at 7. The Court finds that there is substantial evidence to support the ALJ's findings. [1]

Disability under the Social Security Act is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). There is a five-

---

[1] Plaintiff also argues that the ALJ failed to consider whether she was in a borderline situation because of her age. ECF No. 9, at 10-11. The regulation provides that "if [a claimant is] within a few days to [six] months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case. 20 C.F.R. § 404.1563 (b); *See Schneider v. Comm'r of Soc. Sec.*, 2022 WL 38280109, at *4 (E.D. Pa. Aug. 11, 2022) (finding that the outer limit on proximity to the next age category is six months)). Here, at the time the ALJ was tasked with determining whether Plaintiff was disabled, she was forty-nine years, five months, and fourteen days old. *See* ECF No. 8-2, at 34 (Plaintiff was born on April 13, 1974), 35 (date of ALJ decision was September 27, 2023). Therefore, Plaintiff was more than six months away from reaching an older age category, and because she did not satisfy the age threshold, she was not in a borderline situation. The ALJ was not required to conduct a borderline analysis here.

step sequential evaluation process used to determine an individual's disability claim. 20 C.F.R. § 416.920; *see* Tr. at 21-22. At the first step, (1) the ALJ determines if Plaintiff engaged in any substantial gainful activity since their SSI application date. § 416.920. If Plaintiff has engaged in substantial gainful activity since this date, the ALJ will find they are not disabled. *Id.* At the second step, (2) the ALJ considers the medical severity of Plaintiff's impairments. *Id.* If Plaintiff does not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find that Plaintiff is not disabled. *Id.* At the third step, (3) the ALJ again considers the medical severity of Plaintiff's impairments and determines if Plaintiff's impairments meet or exceed the impairments listed in SSA's disability index. *Id.* If one of Plaintiff's impairments meets or exceeds one of the impairments listed in the SSA's disability index, the ALJ will find that Plaintiff is disabled. *Id.* At the fourth step, (4) the ALJ considers his assessment of Plaintiff's residual functional capacity and past relevant work. *Id.* If Plaintiff can still do relevant past work, Plaintiff is not disabled. *Id.* At the fifth step, (5) the ALJ considers Plaintiff's residual functional capacity, age, education, and work experience to determine whether Plaintiff can make an adjustment to other work. *Id.* If Plaintiff can make adjustments to other work, Plaintiff is not disabled. *Id.*

In walking through this five-step process, the ALJ has the authority to evaluate the record, including the medical opinions submitted and prior administrative medical findings, and consider the persuasiveness of those medical opinions and findings. *Rohmer v. Comm'r of Soc. Sec.*, 131 F. App'x 896, 899 (3d Cir. 2005); § 416.920c(a). Supportability and consistency are the two most important factors the ALJ must analyze in determining whether a medical opinion or finding is

persuasive. § 416.920c(b)(2). Supportability is present when there is relevant objective evidence and a supporting explanation provided by a medical source. § 416.920c(c)(1). Consistency is present when a medical opinion is consistent with the evidence from other medical and nonmedical sources in the claim. § 416.920c(c)(2). To effectively consider the persuasiveness of a medical opinion, an ALJ must only explain how he analyzed the supportability and consistency factors for that opinion. § 416.920c(b)(2).

The ALJ analyzed the supportability of Dr. Klebanoff's medical opinion by summarizing Dr. Klebanoff's examination findings and citing to Dr. Klebanoff's report, ultimately finding Dr. Klebanoff's overarching opinion — that Plaintiff could perform a range of sedentary work — persuasive. Tr. 30, 33; Exhibit C4. The ALJ analyzed the consistency of Dr. Klebanoff's opinion by stating that since there was evidence that Plaintiff's right-hand symptoms had improved after undergoing right carpal tunnel surgery in April 2021, Dr. Klebanoff had overstated Plaintiff's right-hand limitations. Tr. at 33 (referencing Tr. at 560, 608, 628). The ALJ also pointed out that Plaintiff had undergone left carpal tunnel release surgery in March 2023, after Dr. Klebanoff's examination. Tr. at 33. While Dr. Klebanoff opined that a reaching limitation was warranted, no other physician reached this conclusion, and Dr. Klebanoff's own examination indicated the restricted range of motion was not significant (130 degrees out of 150 degrees). Hence, the ALJ was reasonable in not including a reaching limitation in the RFC finding.

The ALJ also analyzed the supportability of Drs. Brislin and Calise's prior administrative medical findings by concluding that these physicians' findings overstated Plaintiff's right-hand limitations, referring to evidence that Plaintiff's right-hand symptoms improved since Plaintiff underwent right carpal tunnel release surgery in April 2021. Tr. at 33 (referencing Tr. at 560, 608,

628). The ALJ concluded that Drs. Brislin and Calise did not adequately appreciate the extent of injury in Plaintiff's left hand due to carpal tunnel syndrome. Tr. at 33. Additionally, the ALJ provided that Drs. Brislin and Calise did not consider Plaintiff's morbid obesity, hypertension, and breathing issues on her exertional capacity. *Id.* Hence, the ALJ found that a more restrictive RFC was warranted, limiting Plaintiff's range of sedentary work.

Accordingly, we find the ALJ appropriately based his decision on substantial medical opinion evidence, and we affirm.

**B.   The ALJ accounted for Plaintiff's mental limitations in the RFC finding.**

Next, Plaintiff contends that the ALJ failed to account for all of her mental limitations. ECF No. 9 at 11-13. The Court finds that there is substantial evidence to support the ALJ's findings.

When evaluating the persuasiveness of an opinion the "ALJ must consider all the evidence and give some reason for discounting the evidence [he] rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). "An ALJ is free to reject a medical source opinion but in so doing must indicate why evidence was rejected so that a reviewing court can determine whether 'significant probative evidence was not credited or simply ignored.'" *Payner v. Kijakazi*, 2023 U.S. Dist. LEXIS 105975, at *18 (E.D.PA. June 20, 2023) (*quoting, Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2011)). An ALJ's decision does not need to recite all evidence from the record. The decision should, however, consider all relevant evidence and "explain any conciliations and rejections." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 122 (3d Cir. 2000).

The ALJ found that Plaintiff was limited to performing "simple, routine, and repetitive tasks[,] mak[ing] simple, work-related decisions," and "tolerat[ing] few changes in a routine work setting, defined as occasional." Tr. at 27. This was based in part on evidence that showed Plaintiff had been seeking outpatient treatment at a community counseling center for depression and related symptoms since 2019. Tr. at 367-95, 867-80, 1074-84. The treatment notes indicated Plaintiff was responding well to her medications, and Plaintiff denied experiencing side effects from her medications such as suicidal or homicidal ideation and hallucinations. E.g., Tr. at 867, 868, 873, 874, 1074, 1075, 1081. Additionally, after completing a mental status screen on Plaintiff, Dr. Klebanoff reported a generally normal mental examination, with Plaintiff maintaining eye contact, seeming oriented, and indicating no signs of hallucinations, delusions, or memory impairment. Tr. 467. Drs. Brislin and Calise similarly concluded Plaintiff only had a mild mental limitation, ultimately finding that Plaintiff's mental impairments were not severe. Tr. at 95-96, 106-07.

The ALJ took this information and reasonably concluded that Plaintiff was capable of simple tasks and work-related decisions, as well as tolerating few changes in a routine work setting. Tr. at 27. The ALJ noted that the psychiatric treatment notes documented Plaintiff's positive response to taking medication, as shown by Plaintiff's improved sleep and mood. Tr. at 32. The ALJ also documented Plaintiff's repeated denial of any side effects from the psychiatric medications and listed Plaintiff's ability to perform everyday activities, including cleaning, cooking, handling personal care tasks, taking public transportation, shopping in stores, and walking thirty minutes per day. Tr. at 32. The ALJ opined that Plaintiff's involvement with these activities is inconsistent with the severity of the symptoms she alleged experiencing. *Id.* The ALJ

used this evidence to show that Plaintiff could engage in simple, routine, and repetitive work, and provided three example jobs Plaintiff could obtain given her impairments: addresser, table worker, and food and beverage order clerk jobs. Tr. at 35, 55.

Additionally, Plaintiff argues that the ALJ erred in not adopting concentration limitations into the RFC. ECF No. 9 at 13. The Court is not persuaded by this argument, as Plaintiff was only found to have a moderate limitation at step three, and a moderate rating demonstrates a "fair" ability to perform relevant work. *Id.*; *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(F)(2)(c). Additionally, an ALJ is not required to include particular limitations in the RFC when those limitations involve only moderate difficulties pertaining to concentration, persistence, or pace and the ALJ has already included a "simple tasks" limitation which reflects those impairments. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 210 (3d Cir. 2019). The ALJ sufficiently considered Plaintiff's moderate concentration limitations, and his findings with respect to Plaintiff's mental limitations are supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Request for Review (ECF No. 9) is denied. An appropriate Order follows.

BY THE COURT:


*/s/ John M. Gallagher*_____
JOHN M. GALLAGHER
United States District Court Judge

10